IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR REVIEW BOARD, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00757 JLT (PC)<br><br>ORDER DENYING MOTION FOR COURT ORDER<br><br>(Doc. 7) |

Plaintiff is a state prisoner proceeding pro se an in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has recently filed a motion for relief in which he asks this Court to order the Attorney General to investigate issues he is suffering at his place of confinement. (Doc. 7)  plaintiff raises a number of issues including the fact that his typewriter has been confiscated, his legal papers have not been provided to him and he has not been provided access to these materials on a weekly basis and that he is in fear for his personal safety because he reports that Correctional Officer A.V. Martinez has "ongoing attempts . . . to create violent conflict involving Plaintiff as well as with cellmate(s) . . ."  For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff is advised that Federal courts are courts of limited jurisdiction, and therefore must have before it an actual case or controversy.  (Doc. 64 (citing City of Los Angeles v Lyons,

461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. (Doc. 64 (citing <u>Lyons</u>, 461 U.S. at 102).

Plaintiff is proceeding in this matter on his claims against certain Defendants. (Doc 1.) Thus, the Court has no subject matter jurisdiction over Plaintiff's new allegations regarding his legal property. Moreover, the Court lacks personal jurisdiction over Correctional Officer Martinez or any other prison officials allegedly responsible for Plaintiff's missing property. As a result, the Court is without authority to provide Plaintiff the relief his requests.

With regard to the law library and Plaintiff's concern about pending deadlines, Plaintiff is informed that prisoners do not have a freestanding right to a law library or to legal assistance. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are only the means of ensuring that a prisoner's fundamental right to access the courts is preserved. <u>Id</u>. The accessibility or adequacy of a law library is therefore of constitutional concern only when it thwarts a prisoner from exercising his right to access the courts for the purpose of seeking redress for claimed violations of fundamental constitutional rights. <u>Id</u>. (quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977)). The prisoner must demonstrate that he suffered actual injury because of deficiencies in law library access or materials, such as the inability to meet a filing deadline or to present a claim in a direct appeal, habeas petition, or a 1983 action. <u>Lewis</u>, 518 U.S. at 348, 355.

On the other hand, it does not appear that Plaintiff has filed any 602 grievances related to his claims. Plaintiff is advised that the filing of the instant matter does not provide him an avenue for avoiding the requirements of the Prison Litigation Reform Act not does it provide him immediate access to the Court for any of his day-to-day disputes.

Here, the matter is only two months old, the complaint has not been screened and there are no pending deadlines. Plaintiff does not explain how this very new litigation could possibly have generated more than the 1" of legal papers that have been returned to him and, indeed, the Court is at a loss to understand how this amount of paper could possibly relate to the instant litigation. On the other hand, if the issues raises impede his ability to timely respond any future Court

1 deadline <u>in this action</u>, Plaintiff must seek immediately an extension of time from the Court,
2 explain the circumstances and demonstrate good cause for the extension.

3       On the other hand, the Court takes seriously Plaintiff's claim that he is in fear for his
4 personal safety. As a result, it **ORDERS** service of this order and Plaintiff's motion to the Legal
5 Affairs Office of the CDCR for its review.

6       Accordingly, it is ORDERED that Plaintiff's Motion for Relief, including his request for
7 return of all his legal properties, mailing supplies, typewriter, and access to the law library (Doc.
8 129) is **DENIED**.

11 IT IS SO ORDERED.

12    Dated:   **June 29, 2012**            **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE