1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11   LUIS V. RODRIGUEZ,                        )   Case No.: 1:12-cv-00757 – JLT (PC)
                                               )
12              Plaintiff,                      )   ORDER TO SHOW CAUSE WHY THE ACTION
                                               )   SHOULD NOT BE DISMISSED FOR
13        v.                                    )   PLAINTIFF'S FAILURE TO COMPLY WITH THE
                                               )   COURT'S ORDER
14   CDCR DEPARTMENTAL REVIEW                   )
                                               )
15   BOARD, et al.,                             )   (Doc. 20).
                                               )
16              Defendant.                      )
                                               )
17

18        Plaintiff ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil

19   rights action pursuant to 42 U.S.C. § 1983.  On May 14, 2013, the Court granted Plaintiff an additional

20   30 days from the date of service of the Order to amend his complaint or notify the Court whether he

21   wished to proceed on his cognizable claims. (Doc. 20). The Court specifically advised Plaintiff that

22   this was his "**only extension of time to amend his complaint**." Id. at 2 (emphasis in the original).

23   More than 30 days have passed and Plaintiff has failed to amend his complaint or otherwise respond to

24   the Court's order.

25        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a

26   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

27   and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

28   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. <u>Thompson v. Housing Authority of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.* <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within **14 days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order.  In the alternative, Plaintiff may file an amended complaint or notify the court whether he wishes to proceed on his cognizable claims.

IT IS SO ORDERED.

Dated:    **June 19, 2013**                          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE