# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS V. RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR DEPARTMENTAL REVIEW BOARD, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00757-AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION AND/OR STAYING ACTION AND TO APPOINT COUNSEL<br><br>(Doc. 48) |

**I. Background**

   Plaintiff, Louis V. Rodriguez, ("Plaintiff") a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2012.  This action is proceeding on Plaintiff's First Amended Complaint against Defendants Cox, Terrell, and Cavazos ("Defendants") on an Eighth Amendment claim for the excessive use of force against Terrell and Cavazos and on a First Amendment claim of retaliation against Cox, Terrell, and Cavazos.

   **A. Plaintiff's Motion**

   On April 23, 2014, Plaintiff filed a "Notice of Obstructions and Denials of Meaningful Access to the Courts' seeking an order directing prison officials to facilitate his access to both his legal materials and the law library or a stay of all proceedings until his difficulties are rectified and to appoint counsel.  (Doc. 48.)  This notice is construed as a motion by Plaintiff seeking injunctive relief, requesting a stay, and to appoint counsel.

### 1. Preliminary Injunction

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's mail issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants who remain in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the "prison officials" who Plaintiff asserts are obstructing his access to his legal materials and the law library.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning obstructing Plaintiff's access to his legal materials and the law library cannot and do not overcome what is a *jurisdictional* bar. *Steel*

*Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.

### 2. Stay of Proceedings

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).

Plaintiff requests a stay the proceedings in this action until he is able to access his legal materials.  However, this action is already two years old.  The potential prejudice to Defendants to indefinitely stay an action complaining of events that occurred over five years ago is high.  It is understood that inmate plaintiffs encounter a number of difficulties in prosecuting their actions pro se.  To that end, as long as good cause is shown, requests for extension of time to file requisite documents with the Court are routinely granted and there are no reasons to assume at this stage that any rulings will be made to the contrary should Plaintiff make the requisite showing.  Further, indefinitely staying this action would not save judicial resources or avoid duplicative litigation.  To the contrary, allowing an aging case to indefinitely languish with inactivity would inappropriately congest the Court's docket and calendaring system.  Finally, as stated above, Plaintiff is not without remedy as he may attempt to state cognizable claims in a new action if he

believes his civil rights are being violated beyond his pleadings in this action.

### 3. Appointing Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district Court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, this case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Id*.

**II.  Order**

Accordingly, Plaintiff's motion for injunctive relief, requesting a stay, and to appoint counsel, filed April 23, 2014 (Doc. 48), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 27, 2014**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE