# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS V. RODRIGUEZ, | Case No. 1:12-cv-00757-AWI-JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT AND DENY DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CDCR DEPARTMENTAL REVIEW BOARD, et al., | (Docs. 52, 60) |
| | 30-DAY DEADLINE |
| Defendants. | |

## I. Procedural History

Plaintiff, Louis V. Rodriguez, is a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2012. In his First Amended Complaint ("1stAC") Plaintiff claims Defendants Terrell and Cavazos violated the Eighth Amendment claim when they used excessive force against him and that these Defendants, joined by Cox, retaliated against him in violation of the First Amendment. (*See* Doc. 28.)

In their current motion, Defendants assert that the matter should be dismissed because Plaintiff has failed to state a claim that would give rise to relief, that Plaintiff's excessive force claim regarding the November 3rd incident violates Rule 8(a) (*id.*, at 11:18-12:23), that this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (*id.*, at 13:1-28), and that they are entitled to the protections of qualified immunity

(*id.*, at 14:1-15:12). [1,2]

## II. Legal Standards

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[i]f there are two alternative explanations, one advanced by defendant and the

---

[1] In arriving at this findings and recommendations, this Court carefully reviewed and considered all arguments, points and authorities, declarations, depositions, exhibits, statements of undisputed facts and responses thereto, objections, and other papers filed by the parties in regards to both Defendants' motion to dismiss and motion for summary judgment as well as the pending discovery motions mentioned herein. Omission of reference to an argument, document, paper, or objection is not be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material and appropriate for Defendants' motion to dismiss and for summary judgment.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216-17.  "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.  The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.  The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'"  *Id.* (emphasis in original).  "Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations."  *Id.*, quoting *Twombly*, 550 U.S. at 556 (emphasis added in *Starr*).

### III. Discussion

As noted above, Defendants raise four arguments upon which they assert Plaintiff's claims against them should be dismissed:  (1) that Plaintiff failed to state cognizable retaliation claims (Doc. 52-1, MTD, 7:15-9:17); (2) that Plaintiff failed to state cognizable excessive force claims (*id.*, at 9:18-11:17); (3) that Plaintiff's excessive force claim regarding the November 3rd incident violates Rule 8(a) (*id.*, at 11:18-12:23); (4) that this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (*id.*, at 13:1-28); and (5) that they are entitled to qualified immunity (*id.*, at 14:1-15:12).

#### A. Plaintiff's Allegations

Plaintiff alleges that on December 12, 2009, inmates David Poe and Miguel "Redbird" Reyes attacked Plaintiff. (*Id.*, at 12.)  As a result, prison personnel placed Plaintiff in KVSP's administrative segregation unit ("Ad. Seg."). (*Id.*, at 12.)  Unnamed prison personnel informed Plaintiff that he was referred to the Institutional Classification Committee ("ICC") due to ongoing safety concerns from inmates who were part of the "Native American inmates' (sic) religious circle in KVSP." (*Id.*)

In June 2010, Counselor Goree became Plaintiff's counselor. (*Id.*, at 12.)   Goree informed Plaintiff that prison personnel were transferring him from Ad. Seg. "B-1-block to KVSP D-Facility/yard" so he could be transferred out of KVSP. (*Id*. at 13-14.)  Later, on June 6, 2010, Defendant Cox threatened to "personally screw over [P]laintiff" if he failed to "drop" an inmate grievance he had filed against Goree and Lomonaco. (*Id.*, at 13.)

3

On August 27, 2010, a Native American and an African American inmate attacked Plaintiff on KVSP's D-Facility yard. (*Id.*, at 14.) Unnamed prison guards observed the attack but declined to take any action against the inmates. (*Id.*)

On September 7, 2010, the Unit Classification Committee ("UCC") examined Plaintiff's request for a transfer. (*Id.*, at 13.) Defendant Cox sat as one of the chairpersons on the UCC and informed Plaintiff that he was not entitled to a transfer, but he could "file more 602's concerning any further safety concerns." (*Id.*)

On October 7, 2010, the UCC ordered Plaintiff to remain in the "D-facility open yard program/housing." (*Id.*, at 14.) Plaintiff was "double cell[ed]" with Native American inmates from KVSP's C-yard "who had ended up in the KVSP [Ad. Seg.] and over-flow unit." (*Id.*)

On October 29, 2010, another Native American inmate attacked Plaintiff on the D-Facility yard. (*Id.*, at 14.) Plaintiff stood several feet away from the other inmate when Defendant Terrell shot Plaintiff with a 40 millimeter bullet-like projectile. (*Id.*, at 15.) The projectile hit Plaintiff in the left knee and right buttock. (*Id.*)

Five days later on November 3, 2010, Plaintiff was attacked again by an unnamed inmate. (*Id.*, at 15.) When the altercation had ceased for at least 10 seconds, Defendant Cavazos ordered Plaintiff and the other inmate to "get down." (*Id.*) Plaintiff was in the process of complying with Defendant Cavazos' orders when he was again shot from 20 feet away in the right thigh with a 40 millimeter projectile. (*Id.*) The bullet caused bleeding, scaring, and impaired Plaintiff's mobility for a month following the attack. (*Id.*) Following the incident, Defendants Terrell and Cavazos said, "That's what happens when you start filing complaints against staff." (*Id*. at 15-16.)

Defendants Terrell and Cavazos and others falsified their reports concerning the October 29 and November 3 altercations. (*Id.*, at 16.) These officers refused to interview witnesses pertaining to this incident. (*Id.*, at 17.) Plaintiff received two CDC Form 115 serious rules violations. (*Id.*) Consequently, Plaintiff was found guilty, which resulted in a forfeiture of credits. (*Id*. at 18.)

### B. Plaintiff's Retaliation Claims

Defendants argue both that Plaintiff did not sufficiently allege that his protected activities

4

had been chilled and that the force applied by Defendants Terrell and Cavazos (upon which his retaliation claims against them are based) was utilized to achieve a legitimate correctional goal of restoring discipline.

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes,* 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

### 1. Chilling of Protected Activities

Defendants argue that the 1stAC does not clearly allege that the actions of Defendants Terrell, Cavazos, and Cox resulted in a chilling of Plaintiff's First Amendment Rights. (Doc. 52-1, MTD, 7:15-8:11.) Defendants argue that "[a] plaintiff is not required to show that his First Amendment rights were 'actually inhibited or suppressed,' or to allege that his First Amendment rights were silenced, but must allege that such rights were chilled." (*Id.,* at 7:22-27 citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).)

However, the standard for allegations of a chilling allows for more than pure allegations that a plaintiff's rights were chilled. "[A] plaintiff does not have to show that 'his speech was

5

actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill *or* silence a person of ordinary firmness from future First Amendment activities.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) citing *Rhodes*, 408 F.3d at 568-69, quoting *Mendocino Enviro. Center v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (emphasis in original). Further, "a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

When the Court screened the 1stAC on August 19, 2013 (Doc. 28), it found the complaint stated retaliation claims based on the allegations that after shooting him, Defendants Terrell and Cavazos "began informing [P]laintiff and other inmates, "That's what happens when you start filing complaints against staff," as their expressed reason for the shootings of [P]laintiff." (Doc. 27, at 14-15 ¶ 36) (quotations in original). The statement by Defendants Terrell and Cavazos regarding their reason for shooting Plaintiff was found to demonstrate a retaliatory purpose against Plaintiff for the exercise of his First Amendment rights. Therefore, Plaintiff was found to have stated a cognizable First Amendment retaliation claim against Defendants Terrell and Cavazos. (Doc. 28, Screen O, 6:11-17.)

The 1stAC also alleges that Defendant Cox threatened to "personally screw over [P]laintiff" if he failed to "drop" his inmate grievance against Goree and Lomonaco. (Doc. 27, at 13) Plaintiff alleges that Defendant Cox made good on this threat by falsely stating that he was not eligible for the transfer which, the next day, resulted in a reversal of the ICC determination that Plaintiff would be transferred. (*Id.*) Plaintiff alleges that in announcing that Plaintiff would not be transferred, Defendant Cox stated that Plaintiff "could file more 602's [sic] concerning any further safety concerns as he was good at filing complaint against staff." (*Id.*) Thus, Plaintiff was found to have stated a cognizable claim of retaliation against Defendant Cox.

In the 1stAC, Plaintiff further alleges that Defendants "were each directly responsible" for the acts that caused the damages "suffered by Plaintiff" and "in response to his constitutionally protected activities of voicing and filing grievances petitioning the Government for redress of grievances and remedies, and for seeking intervention, protections and remedies from other

6

Government agencies, departments, courts and CDCR officials, and as known and agreed efforts to punish and chill Plaintiff's legal efforts to protect his personal safety" (Doc. 27, at 20:10-22) and that Defendants shot Plaintiff causing injuries (including a cut requiring several stitches; injuries to Plaintiff's left knee and right buttock; extensive injury, bleeding, scarring, and mobility problems (*id.*, 15:5-24), and delayed Plaintiff's anticipated transfer to a lower security prison that was closer to his family (*id.*, at 13:13-19)) and that the actions by Defendants "did have and continue to have adverse impacts upon plaintiff . . . ." (*id.*, at 24:15-22).

At the pleading stage, and for purposes of a motion to dismiss, the above factual allegations are sufficient to show that Defendants subjected Plaintiff to adverse actions that would chill or silence a person of ordinary firmness and that Plaintiff suffered more than minimal harm from the adverse actions of Defendants in response to Plaintiff's protected activities.

### 2. Legitimate Penological Goals

Defendants argue that Plaintiff's claim that Defendants Terrell and Cavazos utilized excessive force in retaliation for his protected activities is "undermined" by documents referenced in the 1stAC and that those documents show the force he complains of was utilized to achieve the legitimate penological goal of restoring discipline and institutional security. (Doc. 52-1, MTD, 8:12-9:17.) To this end, Defendants submit copies of the RVRs that were issued for the October 29th and November 3rd incidents and ask the Court to find that Defendants' used force advanced a legitimate correctional goal. (*See Id.*, citing Doc. 52-2, Cota Decl., Exh. A, pp. 1-2, 8-9, 15-20 and Exh. B, pp. 1, 7-8, 16-17, 19.)

Rule 12(b)(6) expressly requires that when matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed.R.Civ.P. 12(b)(6). There are, however, two exceptions to this requirement. First, courts may properly consider documents incorporated by reference in the pleading and matters subject to judicial notice without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

7

Under the doctrine of incorporation by reference, a court may consider a document provided by the defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. *Ritchie*, 342 F.3d at 908; *also Daniels-Hall*, 629 F.3d at 998. If the documents are not physically attached to the complaint, they may be considered if their "authenticity[3] . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir.1998) *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006). Second, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986).

Defendants first argue that the RVRs show that, on October 29, 2010, two sponge rounds were fired at Plaintiff after he failed to comply with orders to get down and while he was circling another inmate with whom he had been exchanging punches; that the sponge rounds did not stop the altercation such that a "CN tactical 'grenade' containing tear gas" was deployed; and that in the November 3, 2010 incident, "a single foam round was fired at Plaintiff after he failed to comply with orders to get down while fighting with another inmate and the fighting stopped immediately after the round was fired and no further rounds were fired." (*Id.*, at 8:15-9:6.) Defendants argue that both incidents required the use of force to stop the fights that Plaintiff was involved in as Plaintiff disregarded verbal orders. (*Id.*, at 9:7-13.) Defendants further argue that because the 1stAC references the RVRs from these two incidents, their contents should be considered to show that Defendants' use of force was reasonable such that Plaintiff fails to state a cognizable retaliation claim. (*Id.*, at 8:12-9:17.)

It is true that Plaintiff refers to the RVRs for the October 29th and November 3rd incidents in the 1stAC. However, Plaintiff does not reference the RVRs in reliance of their veracity as the basis of his claims. To the contrary, Plaintiff challenges the truth of their contents by alleging that Defendants Terrell and Cavazos (and others no longer in this action) "blatantly falsified

---

[3] The definition of "authentic" is: genuine; true; having the character and authority of an original; duly vested with all necessary formalities and legally attested; competent, credible, and reliable as evidence. BLACK'S LAW DICTIONARY (9th ed. 2009 for iOS).

disciplinary reports/incident reports concerning the events of 10/29/10 and 11/3/10, to fraudulently justify" having shot Plaintiff and "to impose fraudulent disciplinary actions/punishments and to obstruct and or prevent [ ] fair appeal complaint or court reviews . . . ."  (Doc. 27, 1stAC, ¶ 39, 16:20-27.)[4]  While Plaintiff's due process claims based on the RVRs and disciplinary hearings have been dismissed (*see* Doc. 28, 10:26-12:4), the character of Plaintiff's allegations of their falsity remains.  The 1stAC thus squarely contests the authenticity of these RVRs and does not rely on their contents.  The veracity of their contents is in dispute and cannot be fairly said to form the basis of Plaintiff's claims.  The RVRs submitted by Defendants cannot be relied on as proof of the matters asserted within them under the doctrine of incorporation by reference.

Defendants further argue that judicial notice should be taken of the RVRs from October and November incidents and their attachments.  (*Id.*, at p. 8, n. 8.)  They argue that the 1stAC challenges only the adjudication of the RVRs, but does not challenge the authenticity of the RVRs. (*Id.*)  A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). But a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed.R.Evid. 201(b).  *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (holding that district court did more than take judicial notice of undisputed matters of public record when took judicial notice of disputed facts stated in public records by relying on the validity of a Plaintiff's Waiver of Extradition (which plaintiffs disputed) in dismissing plaintiffs' § 1983 claim in a motion to dismiss and failed to draw all reasonable inferences from the plaintiffs' allegations).  As discussed above, while the fact that the RVRs issued is not in dispute, the veracity of their content is.  Accepting Plaintiff's well-pled factual allegations that the contents of the RVRs were blatantly falsified out of retaliation animus as true and drawing all reasonable inferences in his favor as the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales*, 214 F.3d at 1153, the contents of the RVRs (addressing whether force was applied in furtherance of a legitimate correctional goal) is subject to

---

[4] Defendants do not acknowledge that the 1stAC clearly alleges that the statements against him in these RVRs were untrue on this issue, yet as discussed later, explicitly seek to use his allegations of their falsity against him to support their argument that this action is barred by *Heck* and *Balisok.*

reasonable dispute and should not be judicially noticed.  Defendants' request that the RVRs on the October 29, 2010 and the November 3, 2010 incidents be judicially noticed is **DENIED**.  Thus, Defendants have not shown that the 1stAC fails to state retaliation claims against them.  Their motion to dismiss Plaintiff's retaliation claims for failure to state a claim should be denied.

### C.  Plaintiff's Excessive Force Claims

Defendants argue that Plaintiff did not state a claim of excessive force against them because the force at issue was used in a good faith effort to restore discipline. (Doc. 52-1, MTD, 9:18-11:17.)  Defendants base their argument on this issue solely on the content of the RVRs on the October 29th and November 3rd incidents.  (*Id.*)

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994).  "Persons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer,* 511 U.S. at 834, (quoting *Rhodes*, 452 U.S. at 347).

It is true that, when a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  It is also true that, in determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.  *Hudson*, 503 U.S. at 7.

For the reasons previously discussed, the RVRs are not properly considered under the doctrine of incorporation by reference as the basis of Plaintiff's claims nor should they be judicially noticed.  Further, Defendants acknowledge that the 1stAC alleges that Plaintiff did not throw "one punch/swing" during the October 29th inmate fight and that for a few minutes before

he was shot, he had been standing several feet away from the other inmate in the fight.  (Doc. 52-1, MTD, 10:4-7, citing Doc. 27, 1stAC, 15:10-15.)  Defendants also acknowledge that the RVR on the October 29th incident conflicts with Plaintiff's version of events, but argue that despite this, it "adds supplemental information justifying the use of force that can be read consistently" with the 1stAC.  (*Id.*, at 10:9-13.)  Defendants further acknowledge that the RVR on the November 3rd incident "more directly conflicts with the allegations" of the 1stAC than the RVR on the October 29th incident (*id.*, at 10:25-28) and argue that it should be used to show that the force used "was required to stop the fight and restore discipline and prison security, and was not used for malicious and sadistic reasons" (*id.*, at 11:8-10).

        Defendants thus attempt to use the RVRs to create a factual dispute to invalidate the allegations as stated in the 1stAC.  This sort of factual dispute cannot be decided on a motion to dismiss attacking the sufficiency of a pleading because all of the factual allegations in the complaint must be taken as true when evaluating a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 quoting *Twombly*, 550 U.S. at 555.  Defendants' attempted use of the RVRs to directly contradict the allegations of the 1stAC raises "a factual dispute that can't be resolved in the context of a facial attack on the sufficiency of the complaint's allegations."  *Medina v. Garcia*, 768 F.3d 1009, 1015 (9th Cir. 2014).  Thus, Defendants have not shown that the 1stAC fails to state excessive force claims against them.  Their motion to dismiss Plaintiff's excessive force claims for failure to state a claim should be **DENIED**.

        **D.  Rule 8(a) and Plaintiff's Excessive Force Claims**

        Defendants also argue that Plaintiff's claim for excessive force from the November 3, 2010 incident violates Federal Rule of Civil Procedure 8(A) so as to warrant dismissal.  (Doc. 52-1, MTD, 11:18-12:23.)

        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

11

the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Defendants argue that Plaintiff's allegations of excessive force on November 3, 2010 are contradictory and vague and fail to fairly put Defendants on notice of the claims against them as the 1stAC alleges that: Plaintiff was shot once on November 3, 2010 by Defendant Terrell (Doc. 27, 1stAC, at 15:16-27); that only Defendant Terrell shot Plaintiff on October 29, 2010 (*id.*, at 15:5-7); and that "Officer Terrell and Cavazos after shooting plaintiff began informing plaintiff and other inmates that 'That's what happens when you start filing complaints against staff,' as their expressed reasons for the shootings of Plaintiff" (*id.*, at 15:28-16:3). (Doc. 52-1, MTD, at 11:28-12:7.)

Defendants argue that these allegations are contradictory as to whether Defendant Cavazos is alleged to have shot Plaintiff on either of the dates in question and as to who Plaintiff alleges shot him on November 3rd. (*Id.*, at 12:7-9.) Defendants also argue that Plaintiff could just have meant to allege that Defendant Cavazos joined Defendant Terrell in telling Plaintiff and other inmates that the shootings on October 29, 2010 and November 3, 2010 were because of Plaintiff's staff complaints. (*Id.*, at 12:9-11.) Either way, Defendants argue that it is unclear whether Plaintiff is alleging that Defendant Cavazos shot Plaintiff on November 3rd. (*Id.*, at 12:11-12.) This discrepancy is also noted in the screening order. (Doc. 28 at 4:23-24, 5:14-16.) Because of this, Defendants argue that the 1stAC is vague and contradictory as to the claim of excessive force

12

on November 3, 2010 and fails to sufficiently put Defendants on notice of the claims against them.

Plaintiff clearly alleges that Defendant Terrell shot him on October 29. (Doc. 27, at 15.) While Plaintiff argues that Defendants' exhibits show that Defendant Terrell was not involved in the November 3rd incident, he acknowledges the discrepancy/contradiction in his pleading and requests leave to file an amended complaint to cure the deficiency. (Doc. 60, Opp., 4:12-5:12.)

Plaintiff's excessive force claim regarding the incident that occurred on November 3, 2010 violates Rule 8(a) as it is vague and contradictory. Thus, Defendants' motion to dismiss Plaintiff's excessive force claim regarding the incident that occurred on November 3, 2010 should be **GRANTED**, but Plaintiff should be given leave to amend as a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### E.  *Heck/Balisok* Bar

Defendants argue that Plaintiff's claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). (*See* Doc. 52-1, 13:1-28.) In *Heck*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. In *Balisok,* the Supreme Court extended this ruling to bar claims under § 1983 for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits.

Defendants argue that, Plaintiff's claims are barred by *Heck* and *Balisok* "to the extent that Plaintiff's success in this action would undermine the disciplinary findings" on the RVRs that Plaintiff alleged were false, upon which he was found guilty so as to result in his loss of credits earned towards his release. (Doc. 52, at 13:15-18*.*) However, Defendants errantly base this line of argument on the assumption that, if Plaintiff were to win his claims in this action, the credits that he lost would be reinstated so as to necessarily impact the duration of his detention. (*Id.*)

Plaintiff is only proceeding on the following claims: (1) excessive force against

Defendants Terrell and Cavazos for shooting Plaintiff twice with a 40 millimeter rifle during an altercation that occurred on October 29, 2010 and for shooting Plaintiff on November 3, 2010 (*see* Doc. 28, at 5:10-23); (2) retaliation against Defendants Terrell and Cavazos for shooting Plaintiff on the above two dates allegedly in retaliation for Plaintiff's filing of multiple inmate grievances and civil complaint (*see id*, at 6:11-17); and (3) retaliation against Defendant Cox for stating that Plaintiff was not eligible for a transfer, which resulted in a reversal of the ICC determination that Plaintiff would be transferred and announcing that Plaintiff could file more 602s as Plaintiff was good at filing complaints against staff (*see id*, at 6:18-24).  Plaintiff's success on any of these claims will not reinstate, let alone have any effect on the credits he lost.  The allegations related to the "blatantly false" RVRs that were filed against him and which formed the basis for the guilty finding and which resulted in his loss of credits, were addressed and dismissed in the Screening Order which specifically found them barred by *Heck* and *Balisock*.  (*See Id*, at 11:5-12:4.)  Thus, Defendants' request that Plaintiff's claims are subject to dismissal as barred by *Heck* and *Balisock* should be **DENIED**.

### F.  Qualified Immunity

Defendants argue that they are entitled to qualified immunity on Plaintiff's claims.  (Doc. 52-1, 14:1-15:12.)  Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In ruling upon the issue of qualified immunity, the first prong of inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong asks whether the right was clearly established such that a reasonable officer in those circumstances would have thought her or his conduct violated the alleged right. *Id.*; *Inouye v. Kemna* 504 F.3d 705, 712 n.6 (9th Cir. 2007).  These prongs need not be addressed by the Court in any particular order. *Pearson v. Callahan* 555 U.S. 223 (2009).

In determining whether a government official should be granted qualified immunity, the facts must be viewed in the light most favorable to the injured party. *Saucier v. Katz*, 533 U.S.

194, 201 (2001), *receded from on other grounds by Pearson*, 355 U.S. at 817–21; *see also Bryan v. MacPherson*, 630 F.3d 805, 817 (9th Cir.2010).

  As discussed above, taken in the light most favorable to Plaintiff, the Court must assume that Defendants Terrell and Cavazos retaliated against Plaintiff.  Likewise, as also discussed above, the Court must assume Defendant Terrell subjected Plaintiff to the use of excessive force on October 29, 2010.  Notably, the right to not suffer retaliation for filing inmate grievances and/or civil litigation was established long before 2010 when the events in question in this action took place.  *See e.g. Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009) (retaliated against conduct is protected); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (the filing of inmate grievances is protected conduct); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (the right to speech or to petition the government is also protected conduct); *Rhodes*, at 567 (the plaintiff must show the defendant took adverse action against the plaintiff); *Waitson*, 668 F.3d at 1114 (the plaintiff must allege a causal connection between the adverse action and the protected conduct); *Rhodes,* 408 F.3d at 568 (the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities"); and *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985) (the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ."); *See e.g. Farmer v. Brennan*, 511 U.S. 825 (1994) (the Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates"), *and Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)) (when a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm).

  The 1stAC sufficiently alleges that Plaintiff's constitutional rights were violated by Defendants Terrell, Cavazos, and Cox and those rights were clearly established well before 2010 when the incidents at issue occurred.  Further, Plaintiff is being given leave to amend to remedy

Rule 8(a) deficiencies with his claim as to the November 3rd incident such that Defendants' assertion of qualified immunity on that claim is premature.

### IV. Reccomendations

Based on the foregoing, the Court **RECOMMENDS**:

1. Defendants' motion to dismiss Plaintiff's retaliation claims against Cox, Cavazos, and Terrell for failure to state a claim be **DENIED**;

2. Defendants' motion to dismiss Plaintiff's excessive force claims against Cavazos and Terrell for failure to state a claim be **DENIED**;

3. Defendants' motion to dismiss Plaintiff's excessive force claim for violation of Federal Rule of Civil Procedure 8(a) regarding the incident of November 3, 2010, be **GRANTED** with leave to amend and that Plaintiff's request for leave to amend as stated in his opposition (Doc. 60) be **GRANTED**;

4. Defendants' motion to dismiss Plaintiff's excessive force claims against Cox, Cavazos, and Terrell as barred by *Heck* and *Balisok* be **DENIED**;

5. Defendants' motion to dismiss Plaintiff's retaliation and excessive force claims against Defendants Cox, Cavazos, and Terrell based on qualified immunity be **DENIED** without prejudice.[5]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

---

[5] Plaintiff should *not* file an amended pleading in response to this Findings and Recommendations. If amendment is appropriate, Plaintiff will be directed to take further action by Senior United States District Judge Anthony W. Ishii, after the Findings and Recommendations are submitted to him for consideration and a ruling.

1     The parties are advised that failure to file objections within the specified time may result in
2 the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL
3 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.
4 1991)).

IT IS SO ORDERED.

Dated:   **December 22, 2014**          **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE