UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>CDCR DEPARTMENT OF REVIEW BOARD, et al.,<br><br>            Defendants. | Case No.  1:12-cv-00757-AWI-JLT (PC)<br><br>**ORDER FINDING CLAIMS COGNIZABLE AND DIRECTING ANSWERS TO BE FILED**<br><br>**(Doc. 68)**<br><br>**30-DAY DEADLINE** |

**I.      Procedural Background**

Plaintiff, Luis V. Rodriguez, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the jurisdiction of the Magistrate Judge on May 16, 2012. (Doc. 5). As required by 28 U.S.C. § 1915, the Court screened the First Amended Complaint ("1stAC") (Doc. 27) and found that it stated cognizable claims against Defendants Terrell and Cavazos for use of excessive force in violation of the Eighth Amendment and for retaliation in violation of the First Amendment against Defendants Cox, Terrell, and Cavazos ("Defendants") dismissing all other defendants and claims (Doc. 28).

On April 30, 2014, Defendants responded to the 1stAC by filing a motion to dismiss (Doc. 52) which was denied in all aspects other than as to Plaintiff's excessive force claim regarding the incident of November 3, 2010 for violation of Federal Rule of Civil Procedure 8(a).  (Docs. 66, 67).

1

**II.     MTD Ruling**

The ruling on Defendants' motion to dismiss specifically found that Plaintiff clearly alleged that Defendant Terrell shot him on October 29.  (Doc. 66, 13:7, citing Doc. 27, at 15.)  Defendants argued that Plaintiff's allegations of excessive force on November 3, 2010 were contradictory and vague and failed to put Defendants fairly on notice of the claims against them as the 1stAC alleged that:  Plaintiff was shot once on November 3, 2010 by Defendant Terrell (Doc. 27, 1stAC, at 15:16-27); that only Defendant Terrell shot Plaintiff on October 29, 2010 (*id.*, at 15:5-7); and that "Officer Terrell and Cavazos after shooting plaintiff began informing plaintiff and other inmates that 'That's what happens when you start filing complaints against staff,' as their expressed reasons for the shootings of Plaintiff" (*id.*, at 15:28-16:3).  (Doc. 66, at 12:18-25 citing Doc. 52-1, MTD, at 11:28-12:7.)

Defendants argued that these allegations were contradictory as to whether Plaintiff was alleging that Defendant Cavazos shot Plaintiff on either of the dates in question and as to who Plaintiff alleged shot him on November 3rd.  (*Id.*, at 12:26-28.)  Defendants also argued that Plaintiff could have meant to allege that Defendant Cavazos joined Defendant Terrell in telling Plaintiff and other inmates that the shootings on October 29, 2010 and November 3, 2010 were because of Plaintiff's staff complaints.  (*Id.*, at 12:29-13:3.)  Either way, Defendants argued that it is unclear whether Plaintiff was alleging that Defendant Cavazos shot Plaintiff on November 3rd.  (*Id.*, at 13:3-4.)  This discrepancy was also noted in the screening order.  (Doc. 28 at 4:23-24, 5:14-16.)  Because of this, Defendants argued that the 1stAC was vague and contradictory as to the claim of excessive force on November 3, 2010 and failed to sufficiently put Defendants on notice of the claims against them.  (Doc. 66, at 13:5-7.)

While Plaintiff argued that Defendants' exhibits show that Defendant Terrell was not involved in the November 3rd incident, he acknowledges the discrepancy/contradiction in his pleading and requested leave to file an amended complaint to cure the deficiency.  (*Id.,* at 13:9-11, citing Doc. 60, Opp., 4:12-5:12.)  Plaintiff's excessive force claim regarding the incident that occurred on November 3, 2010 was found to violate Rule 8(a) as it is vague and contradictory as to which Defendant Plaintiff was alleging shot him on that date.  (Docs. 66, 67.)  Thus, Plaintiff

2

was given leave to amend only that claim. (*Id.*) Plaintiff filed the Second Amended Complaint on March 11, 2015 (Doc. 68), which is before the Court for screening.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Second Amended Complaint ("2ndAC")

Plaintiff very wisely hand wrote the first three pages of the 2ndAC with content similar to that on the 1stAC and then submitted copies of pages 4-25 of the 1stAC as the same pages of the 2ndAC and indicated that his only changes to the document were underlined with double lines. (Doc. 68, 2ndAC, at pp. 1, 4.) The changes/corrections Plaintiff made to the pleading are found at page 15, line 25 through page 16, line 1 where he alleges[1]:

> 35.) Officer Cavazos on 11/3/10 had no legally justifiable reason for shooting plaintiff and causing the injuries to plaintiff was another act of use of

---

[1] The changes Plaintiff made to his pleading in this excerpt are indicated in single underlining. Plaintiff double underlined these allegations in the 2ndAC. Plaintiff also made a few other clerical corrections that were of no substantive value and need not be addressed.

excessive and unnecessary use of force upon plaintiff.

36.) Officer Terrell and Officer Cavazos <u>at various times (after the 10/29/10 and 11/3/10 shootings) told Plaintiff and other inmates</u> 'That's what happens when you start filing complaints against staff", as their expressed reasons for the shootings of plaintiff."

This clarifies that Plaintiff is alleging that Defendant Cavazos shot Plaintiff on November 3, 2010. Thus, Plaintiff's claim of excessive force for the November 3, 2010 incident no longer violates Rule 8(a) and is cognizable against Defendant Cavazos.

### III.    Conclusion

Plaintiff has corrected the deficiency in his pleading to state a cognizable claim for use of excessive force against Defendant Cavazos regarding the shooting incident that occurred on November 3, 2010.

Accordingly, it is HEREBY ORDERED that

(1) this action is to proceed on Plaintiff's claims:

    a. for use of excessive force in violation of the Eighth Amendment

        i. against Defendant Terrell for the incident that occurred on October 29, 2010; and

        ii. against Defendant Cavazos for the incident that occurred on November 3, 2010; and

    c. for retaliation in violation of the First Amendment against Defendants Cavazos, Cox, and Terrell; and

(2) Defendants are ordered to file their answers to the Second Amended Complaint **within 30 days** of the service of this order.

IT IS SO ORDERED.

Dated:   **May 7, 2015**                              /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE