UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ`, <br><br> Plaintiff, <br><br> v. <br><br> COX, et al., <br><br> Defendants. | No. 1:12-cv-00757-DAD-JLT <br><br> ORDER REQUIRING DEFENDANTS TO SUBMIT PROOF OF SERVICE |

Plaintiff Luis Valenzuela Rodriguez, was a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint ("SAC") on claims of excessive use of force in violation of the Eighth Amendment against defendants Terrell and Cavazos, and retaliation in violation of the First Amendment against defendants Cavazos, Cox, and Terrell. (Doc. No. 69 at 4.) On May 4, 2016, defendants filed a notice of plaintiff's death pursuant to Federal Rule of Civil Procedure 25(a), noting that "[a] copy of this notice is being served on C. Grenot, D. Rodriguez and A. Garcia in accordance with Rule 25(a)(3) of the Federal Rules of Civil Procedure." (Doc. No. 81 at 2.) These individuals are plaintiff's wife, brother, and daughter, respectively. (*Id.*)

Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to

commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, a party may be served with the suggestion of death by service on his or her attorney as provided for in Rule 5, while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided for in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

Rule 4 states a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In California, service of a summons may be effected by personal delivery, California Civil Procedure Code § 415.10, by leaving a copy of the summons at an office or residence with an appropriate person and thereafter mailing another copy to the same individual at the same address, § 415.20, by mail, § 415.30, or by publication, § 415.50. Additionally, failing these methods, a court in California may order a summons be served "in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. P. Code § 413.30.

On August 25, 2016, defendants filed a supplement to their notice of plaintiff's death, which purportedly included "proof of proper service" on "[p]laintiff's next of kin." (Doc. No. 85.) This filing represented service had previously been effected on May 7, 2016, and that more than ninety days had elapsed since that service. (*Id*.) Therefore, dismissal of the case was requested. (*Id.*) While not affirmatively stating as much, the filing suggested that each of the three individuals who were previously identified as being served a copy of the notice had, in fact, been served. In actuality, however, only one of these individuals, Amelia Garcia, was served. (Doc. No. 85 at 4.) Defendants "proof of proper service" instead includes a declaration of *non-*

service regarding Caroline Grenot, demonstrating she was not served.  (Doc. No. 85 at 3.) Defendants neglected to file any documents reflecting the status of service on the aforementioned D. Rodriguez.[1]

Defendants previously identified the individuals upon whom service of the notice was required, and defendants are therefore directed to effectuate proper service on all of those individuals in order for the ninety-day period in which plaintiff's successors may seek substitution to start running.  *See Barlow*, 39 F.3d at 233.  If defendants are unable to effect personal service, despite repeated attempts, they may complete service via alternate means, as identified above.  If none of the means of completing service specifically listed can be completed by defendants here, the Federal Rules of Civil Procedure incorporate a California statute which allows for the court to order service in any manner reasonably calculated to give actual notice to the person being served.  *See* Fed. R. Civ. P. 4(e); Cal. Civ. P. Code § 413.30.  Defendants may seek leave from the court to effectuate service in such a manner if they are able to demonstrate they are unable to complete service in one of the ways set forth in the governing rules and state statutes identified above.

For the reasons set forth above, defendants are directed to supplement their previously filed notice with evidence of proper service upon both Caroline Grenot and David Rodriguez within twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:  **September 8, 2016**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's wife, Caroline Grenot, and plaintiff's brother, David Rodriguez, both of whom appear to be non-party successors or representatives upon which service is required.

4