UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ,, <br><br> Plaintiff, <br><br> v. <br><br> CDCR DEPT. OF REVIEW BOARD, et al., <br><br> Defendants. | No.  1:12-cv-00757-DAD-JLT (PC) <br><br> ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(A)(1), AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE <br><br> (Doc. No. 81, 85) |

Plaintiff, Luis Valenzuela Rodriguez, was a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended complaint ("SAC") on claims of excessive use of force in violation of the Eighth Amendment against defendants Terrell and Cavazos, and retaliation in violation of the First Amendment against defendants Cavazos, Cox, and Terrell.  (Doc. No. 69 at 4.)  On May 4, 2016, defendants filed a notice of plaintiff's death on the record pursuant to Federal Rule of Civil Procedure 25(a), noting that "[a] copy of this notice is being served on C. Grenot, D. Rodriguez and A. Garcia in accordance with Rule 25(a)(3) of the Federal Rules of Civil Procedure."  (Doc. No. 81 at 2.)  The identified individuals are the deceased plaintiff's wife, brother, and daughter, respectively.  (Id.)

1

1       On August 25, 2016, defendants filed a supplement to their notice of plaintiff's death, which purportedly included "proof of proper service" on "[p]laintiff's next of kin." (Doc. No. 85.) This filing requested dismissal of this action based upon the representation that service had previously been completed on May 7, 2016, and that more than ninety days had elapsed since that service. (Id.) While not affirmatively stating as much, the filing suggested that each of the three individuals who were previously identified as being served a copy of the notice had, in fact, been served. (Id.) In actuality, however, only one of these individuals, Amelia Garcia, had been served. (Doc. No. 85 at 4.) Defendants' "proof of proper service" instead included a declaration of non-service regarding Caroline Grenot, demonstrating she was not served. (Doc. No. 85 at 3.) Moreover, defendants did not file any documents reflecting the status of service of the notice on the aforementioned D. Rodriguez.

As a result of these deficiencies, defendants were directed to effectuate proper service on non-party successors or representatives of plaintiff in order to commence the running of the ninety-day period for their substitution into this action. (Doc. No. 86) (citing Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994)). On September 29, 2016, defendants submitted evidence that plaintiff's wife, Caroline Grenot, was personally served with the Notice of Death on September 14, 2016. (Doc. No. 87.) Under California law, plaintiff's wife is the successor to his claims in this action. See Cal Code Civ. Proc. § 377.3; Cal. Prob. Code §§ 6401, 6402.

More than ninety days have now lapsed from the date service was properly effected on Caroline Grenot, the deceased plaintiff's wife, and she has neither filed a motion to substitute into this action under Rule 25(a)(1), nor contacted this court in any manner.

Accordingly, this action is action is hereby dismissed with prejudice and the Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **January 4, 2017**                          _____
                                                      UNITED STATES DISTRICT JUDGE